SUCCESSION OF DÁVILA ET AL., PLAINTIFFS AND APPELLANTS, *v.* SUCCESSION OF MALDONADO ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of San Juan, Section 1, in an Action for Annulment of Designation of Heirs, Partition of Property, etc.

No. 1763.—Decided July 12, 1918.

INHERITANCE—NATURAL HEIRS—DESIGNATION OF HEIRS—PARTITION.—Certain natural nephews and a legitimate nephew were designated as heirs of an

uncle. The legitimate nephew made no objection, but on the contrary joined the natural nephews in making a partition of the estate. The legitimate nephew died and his heirs sued for the annulment of the partition, basing their action on section 1048 of the Civil Code. It was held that according to the jurisprudence established in the case of *Arandes v. Báez*, 20 P. R. R. 364, the plaintiffs had no cause of action.

Id.—Designation of Heirs—Pleading.—Although the judgment appealed from was rendered on a demurrer that the complaint did not state facts sufficient to constitute a cause of action, pleaded by only one of the several defendants, the case may be considered as finally disposed of as to all, for while different annulments are prayed for they all rest upon the validity or invalidity of a certain designation of heirs and if such designation should be held to be valid, or not subject to attack by the plaintiffs, there would be no ground for said annulments.

The facts are stated in the opinion.

*Messrs. Leopoldo Carmona* and *Luis Llorens Torres* for the appellants.

Mr. *Luis Muñoz Morales* for the appellees.

Mr. Justice del Toro delivered the opinion of the court.

The complaint shows that Conrado Rivera y Dávila died on March 28, 1912; that on May 24 of the same year his natural brother Sebastián Dávila and natural nephews Germán, Carmen and Juan Gorry, and Luis Maldonado Dávila, were designated as his heirs, and that later the estate was divided into two parts, one of which was awarded to the brother and the other to the nephews.

The complaint is obscure, but it can be deduced therefrom that when Conrado Rivera died he left at least the following properties: A, a masonry building with a flat roof on San Francisco Street, San Juan; B, a lot in Bayola, Santurce, San Juan, containing a concrete house; and C, a tract of eighty acres of land in Aguas Buenas.

A partition was made before a notary and property A was allotted to Sebastián Dávila, plaintiffs' predecessor in interest, for the payment of debts, and was sold by him to defendant Julia Márquez Crosas.

Property B was eventually sold to defendant Diego Agüero in execution of a judgment rendered by the Municipal Court of San Juan in an action brought by the Banco

Popular de Economías y Préstamos against the Succession. of Conrado Rivera to recover on certain obligations alleged to have been signed by the author of the said succession. It is pleaded that the court acted without jurisdiction.

Property C was awarded to Juan Gorry and as the result of an action in which the Municipal Court of Bayamón, according to the complaint, acted without jurisdiction, was acquired by Anastacia Cintrón, who sold it to the defendant Juan Orraca.

Among other things the plaintiffs pray that the designation of heirs of Conrado Rivera be adjudged void because his natural nephews were not such heirs according to the law; that Sebastián Dávila, the predecessor in interest of the plaintiffs, be declared the sole heir of Conrado Rivera, and that the whole estate left by Conrado Rivera at his death be delivered to the plaintiffs.

It does not appear from the record that any pleadings were filed by the defendants Germán, Carmen and Juan Gorry and the Succession of Luís Maldonado, or that they were summoned.

Defendant Julia Márquez, by her attorneys Muñoz & Brown, filed a motion to strike out.

Defendant Diego Agüero, by his attorney F. Soto Gras, also filed a motion to strike out.

And, finally, the other defendant, Juan Orraca, by his attorney F. Márquez, demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action.

On December 14, 1916, a hearing was had on the demurrer of defendant Orraca and on May 11, 1917, the court sustained the same.

On October 29, 1917, the plaintiffs and defendants Julia Márquez and Diego Agüero, by their attorneys, appeared at the hearing on the motions to strike out. The attorneys for Márquez and Agüero pleaded by way of demurrer that the

hearing on said motions should be dismissed because the action had been disposed of by the ruling on the demurrer made by defendant Orraca. The court reserved its decision.

On November 17, 1917, the court ruled on the question raised on October 29 by the attorneys for Julia Márquez and Diego Agüero to the effect that since the action had been disposed of by the ruling on the said demurrer, the motions to strike out could neither be heard nor passed upon.

At this stage, on November 21, 1917, the plaintiffs having been notified of the court's ruling of the 17th, moved for judgment and the court rendered the judgment from which the present appeal was taken.

The appellants contend in their brief that the court erred in refusing to proceed with the action inasmuch as the complaint set up a number of causes of action against several defendants.

A careful consideration of the complaint forces us to the conclusion that although there are various defendants and several nullities are prayed for, they all rest upon the validity or invalidity of the designation of the heirs of Conrado Rivera. If said designation is valid, or if the plaintiffs are estopped from attacking it, their claims fall to the ground. And that is the fundamental question which was actually disposed of by the district court in sustaining the demurrer of defendant Orraca.

This being so, the court did not err in holding that the case had been finally disposed of not only as to defendant Orraca but also as to all of the defendants.

Admitting that according to law and jurisprudence (see sec. 913, Civ. Code, and the cases of *Estate of Pagán* v. *Pagán et al*, 17 P. R. R. 134; *Correa et al.* v. *Correa et al.*, 18 P. R. R. 115; *Ríos* v. *Peña et al.*, 19 P. R. R. 139, and *Rijos* v. *Folgueras et al.*, 19 P. R. R. 141) the natural nephews were not entitled to inherit, the fact remains that they, together with the father of the plaintiffs, were designated as such heirs by the court;

that without any objection on the part of the said father of the plaintiffs the estate was partitioned in the form indicated, and that the property divided has come into the possession of other persons.

In such circumstances can the heirs of Sebastián Dávila now obtain the revocation of the designation of heirs and of the partition?

In our opinion this question was amply considered and definitely disposed of by this court in the case of *Arández* v. *Báez,* 20 P. R. R. 364, in which the court said:

"Now, while section 1048 contains the positive provisions that a partition made with a person who was believed to be an heir without being so shall be void, yet we think that that section refers to the case where a person is not the heir he represents himself to be on account of the fact or condition which gives him such a character. Such a case would arise where a man said he was a relative of a dead person and had none of the blood of such decedent, or where a person was not in fact the widow of the dead man. The very way in which the section is drawn would seem to indicate a mistake of fact. The legislator would hardly speak of a mistaken belief in the law because everyone is presumed to know the law."

If the partition can not be attacked on the ground that the nephews were not heirs, it is obvious that the complaint does not state facts sufficient to constitute a cause of action against defendant Orraca. The property now in his possession was awarded to one of the nephews and therefore the plaintiffs have no cause of action to recover it.

Nor does the complaint state sufficient facts to constitute a cause of action against defendant Julia Márquez. In the partition the house in question was conveyed to the father of the plaintiffs in order that he should attend to the payment of the debts of the estate, and the only ground alleged for the nullity of the sale to Julia Márquez Crosas is that she knew, by virtue of the knowledge that she is bound to have of the law, that persons who were not lawful heirs had taken part in the partition.

The complaint does not state to whom property B, which is now owned by defendant Agüero, was conveyed, and its allegations in this regard are so obscure that it can not be held that the right of the plaintiffs to demand the annulment of Agüero's title and their reinstatment in the ownership of the property has been clearly established.

In view of all the foregoing, we are of the opinion that the judgment appealed from should be affirmed in the sense that the said judgment only determines that at this time the plaintiffs are estopped from attacking the partition of the estate of Conrado Rivera on the ground that his natural nephews participated therein. The judgment so affirmed will be no bar to the exercise by the plaintiffs of any other independent action which they may be entitled to bring.

*Affirmed.*

Chief Justice Hernández and Justices Wolf and Hutchison concurred.

Mr. Justice Aldrey took no part in the decision of this case.